UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK DAUGHERTY,

    Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 19-12439

Hon. George Caram Steeh
Hon. Steven Whalen

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 14)

On May 31, 2020, Magistrate Judge Steven Whalen issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Whalen recommends that the court grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff has filed timely objections, to which the Commissioner has responded.

### STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff Patrick Daugherty was awarded disability insurance benefits and supplemental security income in 2012. The ALJ noted that medical improvement could occur with appropriate treatment, and recommended a

continuing disability review after eighteen months.  TR at 65.  A continuing disability review was conducted on April 25, 2016, and Daugherty was found to be no longer disabled as of that date.

Daugherty filed a new application for benefits in 2017, alleging the following impairments:  degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right knee, radiculopathy, headaches, sciatica, and obesity.  The ALJ determined that he had the residual functional capacity to perform sedentary work and was not disabled, a finding that was upheld in relevant part by the Appeals Council.  Upon review, the magistrate judge recommends that the court affirm the Commissioner's final decision.

Daugherty objects to the magistrate judge's analysis, arguing that the ALJ should have adhered to the prior (2012) ruling of disability.  As the magistrate judge correctly noted, the ALJ considered the prior disability ruling, but was not bound by it.  ECF No. 14 at 12-15.  A prior ruling does not "prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings."  *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018).  After giving Daugherty's application a "fresh

look," the ALJ concluded that he experienced medical improvement since the previous disability determination.  Contrary to Plaintiff's argument, this approach is consistent with *Earley* and AR 98-4(6), which provides that a prior determination of disability is binding "*unless there is new and material evidence* relating to such a finding." 1998 WL 283902 at *3 (June 1, 1998) (emphasis added).  The magistrate judge did not err in determining that the ALJ applied the correct legal standard.

Plaintiff also argues, in a conclusory manner, that the ALJ's finding of medical improvement is not supported by substantial evidence.  In doing so, Plaintiff lists medical evidence that he asserts shows a worsening of his condition.  He does not, however, explain how the magistrate judge erred in finding that substantial evidence supported the ALJ's finding of medical improvement.  Mere disagreement with a magistrate judge's determination, "without explaining the source of the error," is not a valid objection.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report.") (citation omitted).

## CONCLUSION

Having reviewed the record, the court discerns no error in the magistrate judge's well-reasoned analysis.

-4-

Therefore, IT IS HEREBY ORDERED that Magistrate Judge Whalen's May 31, 2020 report and recommendation (ECF No. 14) is ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 9) is DENIED, Defendant's motion for summary judgment (ECF No. 12) is GRANTED, Plaintiff's objections (ECF No. 15) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated:  June 24, 2020

          s/George Caram Steeh
          HON. GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 24, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk